IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FELIX D. FORBES
          Plaintiff,

v.

MICHAEL J. MCCRYSTAL, ESQ.
          Defendant.

Civil Action

No. 05-4565

**MEMORANDUM / O R D E R**

October __, 2005.

    Plaintiff Felix D. Forbes has filed a motion to proceed *in forma pauperis*, and this motion will be granted. Pursuant to the previous order of this court and 28 U.S.C. § 1915(b), Mr. Forbes will be required to pay the full filing fee of $250 in installments.

    Mr. Forbes names Michael J. McCrystal, Esquire as the defendant. Mr. Forbes alleges that Mr. McCrystal agreed to provide him with legal representation in a criminal case for a sum of $1,000, but failed to do so.

    Mr. Forbes characterizes his complaint as a claim for the violation of his civil rights. However, Mr. Forbes does not state a claim on which relief may be granted, and this case must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Assuming the truth of the allegations set out by Mr. Forbes, those allegations might be read as tending to establish that Mr. McCrystal breached a contract or engaged in professional malpractice, but they do not tend to establish that this conduct violated Mr. Forbes's constitutional rights. Specifically, a suit brought pursuant to 28 U.S.C. § 1983 requires that the plaintiff allege that a person acting under color of state

law deprived him of his constitutional rights. *See* Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993). Because a private attorney does not act under color of state law, he may not be sued in a civil rights action under § 1983. Because Mr. Forbes has failed to advance any actionable violation of his constitutional rights, dismissal of this case is appropriate at this time.[1]

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff, Felix D. Forbes, who is presently confined at Berks County Prison under ID# 2005-4212, shall pay in installments the full filing fee of $250 pursuant to 28 U.S.C. § 1915(b). An appropriate official at Berks County Prison shall deduct from plaintiff's prison account, each time that plaintiff's account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month, and forward that amount, to be credited to Civil Action No. 05-4565, to the Clerk of Court, U.S. District Court for the Eastern District of Pennsylvania, 2609 U.S. Courthouse, 601 Market St., Philadelphia, PA 19106, until the filing fee is paid;

3. Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk of Court shall forward a copy of this order to the Warden of Berks County Prison for the purpose of collecting the filing fee pursuant to this order.

_____

Louis H. Pollak, J.

---

[1] When a lawyer's conduct is felt to be wrongful, relief may be sought by bringing suit in a Pennsylvania state court and/or by submitting a grievance to The Disciplinary Board of the Supreme Court of Pennsylvania.